# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-774V
Filed: April 19, 2019
UNPUBLISHED

| | |
|---|---|
| AMY NMN HAYES, as Natural Guardian and Legal Representative of A.T.A., a Minor,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Special Processing Unit (SPU); Damages Decision Based on Proffer; Rotavirus Vaccine; Intussusception |

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 12, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that A.T.A. suffered from an intussusception as a result of receiving a rotavirus vaccination on September 17, 2014. Petition at 9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 15, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for A.T.A.'s intussusception. On April 17, 2019, respondent filed a

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffer on award of compensation ("Proffer").  Respondent proffers that, based upon his review of the evidence of record, petitioner should be awarded: (A) a lump sum of $6,358.28, which amount represents reimbursement of a State of North Carolina Medicaid Lien, and (B) an amount sufficient to purchase an annuity contract as described in Proffer Section II.B.

In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

A. **A lump sum of $6,358.28, which amount represents reimbursement of a State of North Carolina Medicaid Lien** for services rendered on behalf of A.T.A., the form of a check payable jointly to petitioner and

> Division of Health Benefits
> Office of the Controller
> 2022 Mail Service Center
> Raleigh, NC 27699-2022

Petitioner agrees to endorse this payment to the appropriate State agency.

B. **An amount sufficient to purchase the annuity contract described in the Proffer Section II.B.**

This amount stated in Section II of the attached proffer represents all elements of compensation to which A.T.A. would be entitled under 42 U.S.C. § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| AMY NMN HAYES, as Natural Guardian and Legal Representative of A.T.A., a minor,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-774V<br>Chief Special Master Dorsey<br>ECF |

**PROFFER ON AWARD OF DAMAGES**

On June 12, 2017, Amy Nmn Hayes ("petitioner") filed a petition for compensation ("Petition"), on behalf of her minor child, A.T.A., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Respondent conceded A.T.A.'s entitlement to compensation in his Rule 4(c) Report filed on April 20, 2018. Based on Respondent's Rule 4(c) Report the Chief Special Master found A.T.A. entitled to compensation.

**I.      Items of Compensation**

Based upon the evidence of record, respondent proffers that A.T.A. should be awarded the compensation described in Section II below.[1] This amount represents all elements of compensation to which A.T.A. would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

---

[1] Should A.T.A. die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

1

II.   **Form of the Award**

Respondent recommends that the compensation provided to A.T.A. should be made through a combination of a lump sum payment and a future annuity payment as described below, and requests that the special master's decision and the Court's judgment award the following:

A. A lump sum of $6,358.28, which amount represents reimbursement of a State of North Carolina Medicaid Lien for services rendered on behalf of A.T.A., the form of a check payable jointly to petitioner and

> Division of Health Benefits
> Office of the Controller
> 2022 Mail Service Center
> Raleigh, NC  27699-2022

Petitioner agrees to endorse this payment to the appropriate State agency.

B. An amount sufficient to purchase an annuity contract[2] that will provide for a guaranteed lump sum payment of $95,485.00 to be made on or about July 3, 2032, paid to the life insurance company[3] from which the annuity will be purchased.[4,5] Petitioner agrees.

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

[5] This period certain payment shall be made as set forth; however, should A.T.A. predecease the date of payment referenced above in this paragraph or be declared incompetent by a court with proper jurisdiction, then the payment shall be made to A.T.A.'s estate.  Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of A.T.A.'s death.

A.T.A. will be an adult when the annuity payment referenced above is made. Evidence of guardianship is not required in this case.

        Respectfully submitted,

        JOSEPH H. HUNT
        Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        ALEXIS B. BABCOCK
        Assistant Director
        Torts Branch, Civil Division

        /s Jennifer L. Reynaud
        JENNIFER L. REYNAUD
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        (202) 305-1586

DATED: April 17, 2019